## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CARLA TAYLOR,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0389** (BOR Appeal No. 2054731)
                    (Claim No. 2019000932)

**CHARLESTON HOLIDAY INN EXPRESS,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Carla Taylor, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Charleston Holiday Inn Express, by Counsel Steven K. Wellman, filed a timely response.

The issues on appeal are additional compensable conditions and temporary total disability. The claims administrator closed the claim for temporary total disability benefits on November 30, 2018. On April 12, 2019, the claims administrator denied a request to add hallux valgus nonunion fracture to the claim. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its September 26, 2019, Order. The Order was affirmed by the Board of Review on May 21, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Taylor, a housekeeper, was injured when she tripped over a sticky roller on June 24, 2018. A treatment note from Charleston Area Medical Center Emergency Department, two days later, indicates Ms. Taylor was seen after she tripped at work and developed pain in her foot. A right ankle x-ray showed calcaneal enthesopathy but no fracture. A right foot x-ray showed severe hallux valgus with metatarsus primus and lateral subluxation of the great toe joint. It also showed degenerative changes but there was no evidence of an acute fracture. The Employees' and Physicians' Report of Injury was completed that day and indicates Ms. Taylor injured her right foot when she tripped over a sticky roller. The diagnosis was listed as right foot sprain.

In a July 9, 2018, treatment note, Kristen Helmick, M.D., from MEM Outpatient Care Center, noted that Ms. Taylor reported continued pain in her right big toe. Bruising and swelling were noted. Ms. Taylor reported that multiple x-rays taken in the previous two weeks showed no evidence of acute abnormalities but did show chronic arthropathy and valgus deformation. Dr. Helmick reviewed the x-ray and found a possible small distal phalanx fracture. She noted severe hallux valgus and chronic arthropathic changes in both feet. Dr. Helmick diagnosed possible small distal phalanx fracture.

On July 9, 2018, Brittain McJunkin, M.D., from MEM Outpatient Care Center, noted that Ms. Taylor reported persistent right foot pain. Ms. Taylor reported that she was not ready to return to work because her job involved a lot of standing and walking. Dr. McJunkin noted that Ms. Taylor's symptoms were consistent with a fracture.

Ms. Taylor sought treatment from Douglas Dockery, M.D., on July 27, 2018, for swelling in her foot, pain in her toes, and swelling in a preexisting bunion. Dr. Dockery diagnosed a fractured first metatarsal in the right foot with a bone fragment. Ms. Taylor was to remain off of work until her August 7, 2018, appointment. It was noted that x-rays were performed that day which showed a chip fracture of the first metatarsal on the right foot with a bone fragment. Hallux valgus was also noted. On August 7, 2018, Ms. Taylor was to continue limited duty for three weeks. It was noted that Ms. Taylor's condition showed no improvement. She was given a work excuse until August 28, 2018. On August 10, 2018, the claim was held compensable for right foot

2

strain and Ms. Taylor was granted temporary total disability benefits from July 9, 2018, through August 28, 2018.

In an August 28, 2018, treatment note, Dr. Dockery noted that Ms. Taylor's right foot pain had worsened. Ms. Taylor declined conservative treatment. Dr. Dockery diagnosed degenerative joint disease of the ankle and foot with a hallux valgus. Dr. Dockery administered a right foot injection on September 11, 2018. The claims administrator denied a request for a bunionectomy with screw fixation on October 3, 2018.

David Soulsby, M.D., performed an Independent Medical Evaluation on October 25, 2018, in which he noted that Ms. Taylor had preexisting hallux valgus causing a bunion. He performed x-rays which showed metatarsus primus varus with severe hallux valgus and lateral subluxation of the big toe. Dr. Soulsby noted a well-corticated bone fragment in the big toe as well as healing of a nondisplaced fracture in the base of the second toe. He diagnosed fracture of the second toe and metatarsal primus varus with severe hallux valgus and noted that the fracture showed good alignment. Dr Soulsby opined that the bone fragment seen on the original x-ray was clearly chronic. He found no reason why Ms. Taylor could not work full duty. Ms. Taylor had reached maximum medical improvement. The claims administrator suspended temporary total disability benefits on October 31, 2018, based on Dr. Soulsby's evaluation.

Dr. Dockery stated in a November 6, 2018, letter that Ms. Taylor sustained a fracture, and as it started to heal, Ms. Taylor began experiencing referred pain in her big toe in the form of a bunion. Ms. Taylor underwent a bunionectomy on October 31, 2018, and could not work for eight weeks. Dr. Dockery completed a work excuse stating that Ms. Taylor was excused from work from November 6, 2018, to January 2, 2019. The work excuse was extended to February 7, 2019. The claims administrator closed the claim for temporary total disability benefits on November 30, 2018.

In a February 20, 2019, Temporary Total Disability Reopening Application, Dr. Dockery indicated Ms. Taylor's current diagnoses were nonunion of foot fracture and hallux valgus. He stated that Ms. Taylor tripped at work and worsened her preexisting bunion. The bunion then required surgery. Ms. Taylor was unable to return to work because the fracture had not healed. She was unable to perform regular duty. He listed the period of temporary total disability as October 31, 2018, through March 21, 2019. A February 28, 2019, form from Dr. Dockery's office indicates Ms. Taylor could return to light duty work if it was available but she must remain off of her foot for three additional weeks. Dr. Dockery completed a Diagnosis Update on March 31, 2019, requesting the addition of hallux valgus and nonunion of fracture to the claim.

The claims administrator denied a request to add hallux valgus and nonunion fracture to the claim on April 12, 2019. On May 14, 2019, Ms. Taylor testified in a deposition that when she tripped, her first three toes on her right foot bent backwards. She stated that she had no preexisting problems with her right foot. She has not returned to work.

Dr. Soulsby performed a Record Review on June 4, 2019, in which he found that nonunion of fracture was first noted on January 22, 2019, by Dr. Dockery. Dr. Soulsby stated that Dr.

Dockery's January 8, 2019, treatment note indicates Ms. Taylor reported that she dropped a 2-liter bottle of soda on her foot while she was at home. An x-ray of the foot showed that the osteotomy had not fused, and the dorsal hinge appeared fractured. Dr. Soulsby opined that Ms. Taylor's hallux valgus and bunion preexisted the injury and that the injury neither caused nor aggravated the preexisting conditions. Dr. Soulsby asserted that Ms. Taylor sustained a nondisplaced fracture, which had healed by the time of his October 25, 2018, evaluation, and she reached maximum medical improvement on that date. Dr. Soulsby opined that Ms. Taylor's bunion surgery was necessary treatment for her severe, preexisting condition; however, such treatment was not related to the compensable injury. Therefore, the period of disability stemming from such surgery was not related to the compensable injury. Regarding the diagnosis update request, Dr. Soulsby stated that hallux valgus was a preexisting condition and was not aggravated by the compensable injury. The nonunion was the result of the surgical procedure performed to fix the preexisting bunion. Dr. Soulsby opined that Ms. Taylor was able to return to full duty as of October 25, 2018.

The Office of Judges affirmed the claims administrator's decisions denying a request to add hallux valgus and nonunion fracture to the claim and closing the claim for temporary total disability benefits in its September 26, 2019, Order. The Office of Judges found that Ms. Taylor underwent bunion surgery on October 31, 2018. Though she requested that the surgery be authorized, the request was denied by the claims administrator on October 3, 2018. In his Diagnosis Update, Dr. Dockery stated that he first evaluated Ms. Taylor for a fracture. As the fracture began to heal, Ms. Taylor developed referred pain in her big toe. Dr. Dockery stated that Ms. Taylor began to wear shoes again, her bunion pain worsened, so surgery became necessary. The Office of Judges found that Dr. Soulsby performed a Record Review in which he diagnosed healing nondisplaced fracture of the second toe. He opined that Ms. Taylor had reached maximum medical improvement and noted that Ms. Taylor reported a preexisting bunion. In a second Record Review, Dr. Soulsby again opined that the bunion preexisted the compensable injury and that the compensable toe fracture did not worsen or aggravate the bunion. Further, Ms. Taylor's toe fracture had healed by October 25, 2018. Dr. Soulsby opined that the bunion surgery created the nonunion fracture, and nonunion fracture was therefore not compensable. The Office of Judges found Dr. Soulsby's report to be persuasive. It therefore denied the addition of hallux valgus and nonunion fracture to the claim.

Regarding temporary total disability benefits, the Office of Judges found that the claim was closed for benefits based on Dr. Soulsby's finding that Ms. Taylor reached maximum medical improvement on October 25, 2018. Ms. Taylor underwent unauthorized surgery on October 31, 2018, and her inability to return to work after that date was the result of the surgery. The Office of Judges affirmed the claims administrator's decision closing the claim for temporary total disability benefits. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 21, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Ms. Taylor requested the addition of hallux valgus and nonunion fracture to the claim. The medical evidence

clearly shows that the hallux valgus preexisted the compensable injury. The evidence also shows that the nonunion fracture was not the result of the compensable injury. Regarding temporary total disability benefits, West Virginia Code § 23-4-7a provides that temporary total disability benefits will cease when the claimant has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. Dr. Soulsby found that Ms. Taylor reached maximum medical improvement as of his October 25, 2018, Independent Medical Evaluation.

Affirmed.

**ISSUED: September 22, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton